**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| United States of America, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 06-10049-WEB |
| ) | |
| Nabor Martinez-Villa, ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM AND ORDER

Now before the Court is the defendant's objection to the pre-sentence report. The record shows that Defendant pleaded guilty on May 15, 2006 to re-entry after deportation for an aggravated felony in violation of 8 U.S.C. § 1326(a) and (b)(2).

Defendant's objection is a motion for a downward departure. He claims his poor health justifies a lower sentence than the applicable guidelines provide. Specifically Defendant claims he has diabetes, is blind in the right eye, has difficulty seeing from the left eye, is sensitive to light, has bad headaches, and has a chronic cough. Defendant argues that his fragile health has left him with little mobility; consequently, he would not be a threat to re-offend. The Government and probation office disagree.

Defendant bases his argument for a downward departure on his poor health and age. The policy statement for age is located in section 5H1.1 and it states,

> [a]ge (including youth) is not ordinarily relevant in determining whether a departure is warranted. Age may be a reason to depart downward in a case in which the defendant is elderly and infirm and where a form of punishment such as home confinement might be equally efficient as and less costly than incarceration.

The policy statement regarding physical condition is located in section 5H1.4 and it states,

> [p]hysical condition or appearance, including physique, is not ordinarily relevant in determining whether a departure may be warranted. However, an extraordinary physical impairment may be a reason to depart downward; e.g., in the case of a seriously infirm defendant, home detention may be as efficient as, and less costly than, imprisonment.

The Court agrees with the recommendation of the probation office. First, the Court finds that the medical conditions as listed by Defendant do not rise to the level of extraordinary in section 5H1.4. Second, the Court does not find Defendant's claims of limited mobility to be credible. The pre-sentence report shows defendant operated a motor vehicle as recently as February 25, 2006. Furthermore, Defendant was deported to Mexico less than two years ago, in September 2004, yet he returned to the United States. These actions are not consistent with Defendant's claims of immobility. Defendant's objection to the pre-sentence report is denied.

IT IS ORDERED FOR THE REASONS SET FORTH ABOVE that the Defendant's objection to the pre-sentence report be DENIED. The Probation Officer in charge of this case shall see that a copy of this order is appended to any copy of the Presentence Report made available to the Bureau of Prisons.

SO ORDERED this 14th day of August, 2006.

    s/ Wesley E. Brown

    Wesley E. Brown, Senior U.S. District Judge